**Matilde R. OLIVAS, Plaintiff–Appellant,**

v.

**CORRECTIONAL CORPORATION OF AMERICA, Defendant–Appellee.**

No. 06–10208
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 30, 2007.

Matilde R. Olivas, Mineral Wells, TX, pro se.

---

Daniel Edward Pellar, Beirne, Maynard & Parsons, Houston, TX, for Defendant–Appellee.

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM: *

Matilde R. Olivas appeals the district court's grant of summary judgment on his 42 U.S.C. § 1983 claim against the Correctional Corporation of America ("CCA"). As Olivas did not brief his state law claim against CCA on appeal, it is abandoned. *See Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993); *Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987).

We review the grant of a motion for summary judgment de novo. *Cousin v. Small,* 325 F.3d 627, 637 (5th Cir.2003). Contrary to Olivas's argument, CCA may not be held liable on a theory of respondeat superior. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Olivas also argues that CCA's dental care policy resulted in him receiving inadequate treatment for his injury. Olivas has not submitted evidence sufficient to demonstrate that the injury should have been treated as a medical emergency or that the treatment he received constituted deliberate indifference to his serious medical needs. *See Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991). Further, Olivas does not show substantial harm related to the delay. *See Mayweather v. Foti,* 958 F.2d 91, 91 (5th Cir.1992). Therefore, summary judgment

was proper in the instant case because Olivas has not established that an official policy or custom caused a constitutional violation. *See Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir.2001).

Accordingly, the judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.